WILLS—PROBATE—OBJECTIONS—RIGHT OF ATTORNEY TO MAKE—ATTORNEY AND CLIENT—CONTRACT.

Where an attorney was employed to contest a will under a contract assigning to him an interest in the expectant recovery to secure his stipulated per cent. thereof, but which authorized the clients to settle or compromise the cause at any stage, after such a compromise he cannot

file objections to the probate of the will on his own behalf to protect his interest in the estate.

Application by David Keane for leave to file objections on his own behalf to the probate of the will of Thomas W. Evans. Application denied.

See 68 N. Y. Supp. 936, 937.

Wolcott G. Lane, for proponent.

Crane & Lockwood, for E. J. Crane, individually and as executor.

J. Noble Hayes, for David Keane.

THOMAS, S. Mr. David Keane appeared as the attorney for certain of the heirs at law and next of kin of the decedent, and, in their behalf, filed objections to the probate of the paper propounded as his will. Thereafter his clients executed an agreement of compromise with the executors, and consented to the withdrawal of their objections. Mr. Keane has already been heard on an application to cancel the objections of his clients, and this application has been granted, overruling his contention that he had a lien as an attorney, which gave him a right to continue the contest in the names of his clients. 68 N. Y. Supp. 936. He makes the present application for leave to file objections in his own behalf on the theory that the agreement made by him with his clients, under which he appeared and acted for them, operated to transfer to and vest in him an undivided interest in the estate, which would be destroyed if the will alleged to be invalid is admitted to probate. As I construe this agreement, it is a stipulation on the part of the clients that the attorney shall receive 8 per cent. "of any amount or value that may come to them, and each of them, from the estate of Thomas W. Evans, deceased, either as the result of legal proceedings, compromises, settlements, or howsoever"; and, for the purpose of securing the same, the clients assign an interest in the expectant recovery, and give to the attorney a lien on their respective interests in the estate. A compromise of some sort was obviously contemplated, and the last clause of the instrument is in these words:

"It is further agreed that the parties of the second part [the clients] shall be at liberty at any stage of the case—either before, during, or after suit commenced—to settle or compromise upon such terms as they may desire as to their respective interest."

The plain purpose of this provision was to reserve to the clients the exclusive right to pass upon the sufficiency of any settlement or compromise, and this reservation controls every other provision of the agreement. A settlement having been made by the clients, I find no right in the attorney to continue the litigation until it is fought out through the courts, or until the parties in interest shall pay him such price as he may demand. He doubtless has a lien on the amount stipulated to be paid to his clients, but his remedy was, by the terms of his bargain, confined to that, and it cannot be given him here. The questions as to whether the sum stipulated to be paid by the parties claiming under the will as a price for peace is adequate, or as to whether the terms of payment are reasonable, are not pertinent to this application. It is sufficient for the purposes of this appli-

cation that the applicant has no standing in this court to contest the probate of the will.

Application denied.

(34 Misc. Rep. 34.)

## In re SCHAEFER'S ESTATE.

(Surrogate's Court, New York County. February, 1901.)

1. ADMINISTRATORS AND EXECUTORS—ESTATE ASSETS—ACCOUNTING.

Where executors, who are officers and small stockholders in a corporation entirely owned by testator and his family and his brother, hold a large amount of its stock for the estate, and receive a sum of money from the corporation, ostensibly as a gift, or as extra compensation, but in reality as the profits on the stock represented by them, in accordance with a customary method of the corporation as to the distribution of profits, they must account to the estate for the sum so received.

2. SAME—COMMISSIONS.

The attempt by the executors to retain such funds will not deprive them of their right to commission, since their controversy as to extra compensation has some foundation.

Proceedings for settlement of account of Edward C. Schaefer and another as executors of Frederick Schaefer. Exceptions to referee's report. Report modified and confirmed.

Ashbel P. Fitch, for accountant.

Forster, Hotaling & Klenke, for executor Chattillon, contestant.

Louis C. Raegener and Addison Gardner, for contestants.

Wauhope Lynn and E. W. Tyler, special guardians.